885 F.2d 867
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gene WELCH, Defendant-Appellant.
 No. 89-7152.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 27, 1989.
Decided Sept. 13, 1989.
 
 Gene Welch, appellant pro se.
 Thomas J. Ashcraft, Office of the United States Attorney, for appellee.
 Before K.K. HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Gene Welch appeals from an order of the district court denying his motion to correct his sentence under Fed.R.Crim.P. 35(a). Welch was convicted after a jury trial of one count of conspiracy to possess with intent to distribute and aiding and abetting in the possession with the intent to distribute cocaine in violation of 21 U.S.C. Sec. 846 and 18 U.S.C. Sec. 2, and of two counts of possession with the intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Welch was sentenced to a term of four years imprisonment on the conspiracy count, and a total of three years for the substantive counts (Sec. 841), which were merged for sentencing, concurrent to the sentence imposed on the conspiracy conviction. In addition to terms of imprisonment Welch was ordered to serve a three-year special parole term on the Sec. 841 counts. In his Rule 35 motion Welch argued that a special parole term could not be imposed for his Sec. 841 convictions. The district court concluded that imposition of the special parole term was proper under the statute and denied the motion. We agree and affirm.
 
 
 2
 In support of his position that the special parole term is illegal, Welch merely alleges that the amount of drugs involved in the Sec. 841 convictions was of a sufficient quantity to require that he be sentenced under Sec. 841(b)(1)(A), which contains the penalties for offenses involving a kilogram or more of cocaine but which does not authorize the imposition of a special parole term, instead of being sentenced under Sec. 841(b)(1)(B) for crimes involving lesser amounts of drugs but which requires a special parole term. See Comprehensive Crime Control Act of 1984, 98 Stat. 2068 (1984); 21 U.S.C. Sec. 841(b)(1)(B) (1982) and Supp. III (1985); see also United States v. Santamaria, 788 F.2d 824 (1st Cir.1986).[1]
 
 
 3
 The Sec. 841 counts for which Welch was convicted, however, did not charge him with offenses involving a kilogram or more of cocaine. In order to show that his sentence under Sec. 841(b)(1)(B) was incorrect, therefore, Welch would need to demonstrate here that his offenses did involve more than a kilogram of cocaine. This he has failed to do. We have examined the transcripts of Welch's trial in order to determine the evidentiary support for the quantity of drugs underlying Welch's Sec. 841 convictions. The evidence reveals that Welch possessed quantities of drugs significantly less than the kilogram required for sentencing under Sec. 841(b)(1)(A).
 
 
 4
 Accordingly, we grant leave to proceed in forma pauperis and affirm the order of the district court denying Welch's Rule 35 motion. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Subsequent revisions of the statute which removed the provision for a special parole term from Sec. 841(b)(1)(B) did not take effect until November 1, 1987, after the dates of Welch's offenses. See United States v. Whitehead, 849 F.2d 849, 860 (4th Cir.1988) (for offenses committed prior to November 1, 1987, Sec. 841(b)(1)(B) authorizes special parole term; for offenses committed after November 1, 1987, statute authorizes term of supervised release), cert. denied, 57 U.S.L.W. 3394 (U.S. Dec. 5, 1988) (No. 88-5492)